UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LENETTE D. YET,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | NO.  C3:14-CV-05094-RBL-JLW<br><br>REPORT AND RECOMMENDATION |

## BASIC DATA

Type of benefits sought:

　　(X) Disability Insurance

　　(X) Supplemental Security Income

Plaintiff's:

　　Sex: Female

　　Age: 46 at alleged onset date, 48 at ALJ hearing

Principal Disabilities Alleged by Plaintiff: lumbar strain; lumbar degeneration;  thoracic strain; diabetes; obesity; major depression disorder, chronic with psychotic features; panic disorder with agoraphobia; fibroids; and left knee chondrosis.

Disability Allegedly Began: August 10, 2008

Principal Previous Work Experience: childcare worker and school cook

Last worked: 2008

Education Level Achieved by Plaintiff: high school and a community college certificate

REPORT AND RECOMMENDATION - 1

PROCEDURAL HISTORY – ADMINISTRATIVE

Before ALJ Mattie Harvin-Woode:

    Date of Hearing: September 4, 2012, hearing transcript AR 29-77

    Date of Decision: September 25, 2012

    Appears in Record at: AR 11-26

    Summary of Decision:

> Claimant has not engaged in substantial gainful activity since her alleged onset date; she has severe impairments of lumbar strain, lumbar degeneration; thoracic strain, diabetes, obesity, major depression disorder, chronic with psychotic features, panic disorder with agoraphobia, fibroids, and left knee chondrosis. She has nonsevere impairments of Barrett's esophagus, hypertension, and bilateral carpal tunnel syndrome, status-post surgeries. Her impairments, even in combination, do not qualify under the Listings. The symptom severity she alleges is not supported by the evidence, based on her medical records and activities. There is also some evidence of malingering.

> She has the RFC to perform light work, subject to certain limitations. She can occasionally perform overhead reaching with her right upper extremity. She must avoid heights. She requires the option to sit every 30 minutes briefly (one to two minutes) but would still be able to work while sitting. She can perform simple tasks. She can tolerate occasional coworker interaction and occasional interaction with the public.

> She cannot perform any of her past relevant work. The testimony of the vocational expert identified examples of three jobs she can perform: production line solderer, folder, and assembler. This establishes she can perform substantial work which exists in the national economy and requires a finding of "not disabled."

Before Appeals Council:

    Date of Decision: November 29, 2013

    Appears in Record at: AR 1-4

    Summary of Decision: declined review

PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff  (X) Commissioner

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

(X)  Affirm.

REPORT AND RECOMMENDATION - 2

SUMMARY OF RECOMMENDATION

The ALJ did not err in assessing opinion evidence from an examining physician. The ALJ's decision is based on substantial evidence. Remand is not warranted and the Commissioner's decision should therefore be affirmed.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

EVALUATING DISABILITY

The claimant, Ms. Yet, bears the burden of proving she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§

REPORT AND RECOMMENDATION - 3

423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do his previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

ISSUE ON APPEAL

Did the ALJ err in assessing medical evidence from an examining physician? Dkt. No. 11.

DISCUSSION

***The ALJ Did Not Err in Weighing the Medical Opinion Evidence from Examining Physician, Jennifer Irwin, M.D.***

Dr. Irwin performed a psychological examination of Plaintiff in March 2011, finding severe to marked limitations in her ability to perform certain work-related activities. AR 410-15. Based on an interview and a mental status examination, Dr. Irwin found Plaintiff capable of performing simple and repetitive tasks, as well as detailed and complex tasks, noting however, that complex task performance would be markedly impaired due to deficits in recent memory and psychomotor slowness. Dr. Irwin opined Plaintiff's "ability to concentrate is significantly and almost constantly distracted due to paranoid ideation and auditory and visual hallucinations." AR 415. Dr. Irwin further found Plaintiff severely limited in her ability to

REPORT AND RECOMMENDATION - 4

maintain regular workplace attendance and her ability to complete a normal workday/workweek without interruptions from a psychotic condition. Dr. Irwin found Plaintiff would be severely impaired in her ability to deal with usual workplace stress, and concluded she would be markedly impaired in her ability to perform work activities on a consistent basis without special or additional instruction, due to her distractibility and memory deficits. Dr. Irwin opined Plaintiff's condition is treatable and expected it to continue for twelve months. AR 415.

The ALJ assigned "little weight" to Dr. Irwin's opinion reasoning: (1) Dr. Irwin based her opinions primarily on Plaintiff's subjective complaints; (2) Plaintiff is far more active than she reported to Dr. Irwin, such that Dr. Irwin based her opinions on an unreliable source; and (3) The limitations identified by Dr. Irwin are inconsistent with the medical evidence of record. AR 19.

Plaintiff argues the ALJ should have given more credit to Dr. Irwin's opinion regarding the severity of her mental limitations because the doctor's opinion is supported by clinical observations and objective test results.

If the ALJ rejects a treating or examining physician's opinion that is contradicted by another doctor, she must provide specific, legitimate reasons based on substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009).

In giving "little weight" to Dr. Irwin's opinion, the ALJ relied more heavily upon the opinion of nonexamining state agency medical consultant, Dr. Michael Brown, Ph.D., who concluded that Plaintiff is capable of simple, repetitive work with infrequent public contact. AR 19,122. In placing more weight on Dr. Brown's opinion over Dr. Irwin's, the ALJ notes that Dr. Brown found significant that Plaintiff had inconsistently reported to treatment

REPORT AND RECOMMENDATION - 5

providers, including exhibiting pain while getting in and out of chairs during Dr. Irwin's examination yet indicated no difficulty when examined by Dr. Symonds. AR 19, 118. Dr. Brown noted Plaintiff endorsed psychotic symptoms but no clinical data to support this was noted by Dr. Irwin, and that Dr. Irwin's agoraphobia diagnosis was inconsistent with her clinical data. AR 118. Based on Dr. Brown's contradicting opinion, the ALJ is required to give specific and legitimate reasons for discounting Dr. Irwin's examining opinion.

The central issue in this case is whether Dr. Irwin overly relied on Plaintiff's unreliable subjective complaints, or gained an accurate picture of Plaintiff's limitations based on more reliable measures. An ALJ may reject a doctor's opinion that is premised on a claimant's subjective complaints that the ALJ has properly discounted as not credible. *See Bray v. Comm'r. SSA*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Tommasetti v. Astrue*, 533 F.3d. 1035, 1041 (9th Cir. 2008). Here, the ALJ's adverse determination as to Plaintiff's credibility is not at issue. A careful reading of Dr. Irwin's report reveals that, while it does contain some objective data and observations from a mental status examination, it is apparent the doctor's opinion is heavily based on Plaintiff's subjective complaints and self-reported history. *See* AR 413-15. Dr. Irwin notes Plaintiff's reports of hallucinations which the doctor attributes to some of her most severe limitations. Dr. Irwin did not observe Plaintiff having hallucinations but relies on Plaintiff's description of their severity. Likewise, Dr. Irwin relies on the accuracy of Plaintiff's claim of her inability to leave her house often. Dr. Irwin notes as significant Plaintiff's "history of being unable to leave home except for doctor appointments and grocery shopping." AR 415. But as the ALJ explains, this is contradictory to the record: "She is able to leave her home, take care of business, attend her own medical appointments, and even assist her grandmother with medical appointments." AR 19. In assessing Plaintiff's credibility the ALJ provides further support for this reasoning, which is uncontested by Plaintiff. The ALJ

REPORT AND RECOMMENDATION - 6

reasonably determined that the opinions of Dr. Irwin in this regard were inconsistent with Plaintiff's record as a whole, including evidence of her activities. *Tommasetti*, 533 F.3d at 1041 (inconsistency with the record is properly considered by the ALJ in rejection of physician's opinions); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (permissible for an ALJ to reject treating physician's opinion as inconsistent with claimant's activity level).

Dr. Irwin's report does indicate some objective data gathering during the MSE as well as clinical observations. *See* AR 414. Dr. Irwin notes results of Plaintiff's counting, concentration, and memory exercises. These results, however, do not provide support for much of Dr. Irwin's opinion, and specifically for her conclusion that Plaintiff would have severe limitations in work attendance and work interruption because of her psychiatric problems. The ALJ properly considered inconsistency between Dr. Irwin's opinions and her clinical findings, and reasonably construed the opinion as premised on Plaintiff's unreliable self-reporting and an incomplete picture of the record. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting physician's opinion due to inconsistency between opinion and the physician's own observations is a "permissible determination within the ALJ's province.").

Lastly, the ALJ notes Dr. Irwin's assigned limitations are inconsistent with the medical evidence of record, citing as an example a February 2011 examination by Dr. Symonds which indicates fairly normal physical functioning. AR 405. Based on the examination, Dr. Symonds found Plaintiff capable of light work with some minimal postural limitations. AR 407. This last reason is minimally relevant because the examination is regarding physical limitations, not mental limitations, as opined by Dr. Irwin. However, the ALJ's other reasons, discussed above, are specific, legitimate, and based on substantial evidence in the record. Plaintiff does not demonstrate otherwise.

REPORT AND RECOMMENDATION - 7

## CONCLUSION

For the foregoing reasons, the Court recommends that this case be AFFIRMED and the case DISMISSED.  A proposed order accompanies this Report and Recommendation.

A proposed order accompanies this Report and Recommendation.  Objections to this Report and Recommendation, if any, must be filed with the Clerk and served upon all parties to this suit no later than fourteen (14) days after the date on which this Report and Recommendation is signed.  If no timely objections are filed, the Clerk shall note this matter for the earliest Friday after the deadline for objections, as ready for the Court's consideration.  Failure to file objections within the specified time may affect the parties' right to appeal.  If objections are filed, any response is due within fourteen (14) days after being served with the objections.  A party filing an objection must note the matter for the court's consideration fourteen (14) days from the date the objection is filed and served.  Objections and responses shall not exceed twelve pages.

DATED this 25th day of September, 2014.

*signature*

JOHN L. WEINBERG
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8